# IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

COREY SQUIRES,

     Plaintiff,

      v.

MEDICREDIT, INC.,

     Defendant.

---

## COMPLAINT AND JURY DEMAND

---

COREY SQUIRES ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MEDICREDIT, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

**JURISDICTION AND VENUE**

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the State of Colorado and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.      Plaintiff is a natural person who resides in Highlands Ranch, Colorado 80129.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.      Defendant is a debt collection company with headquarters located at 3 City Place Drive, Suite 690, St. Louis, Missouri 63141.

9.      At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

10.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.      At all relevant times, Defendant sought to collect an alleged consumer debt from Plaintiff related to a medical bill.

12.      The alleged debt, a medical bill from Littleton Adventist Hospital, arose out of transactions that were for personal, family or household purposes.

13.      As Plaintiff has no business debt, the alleged debt could only be personal in nature.

14.      Beginning in June 2014, and continuing to July 2014, Defendant placed repeated, harassing telephone calls, multiple times per week, to Plaintiff's cellular telephone in order to collect the alleged debt.

15.      Defendant contacted Plaintiff, on average, one (1) to three (3) times a day.

16.     For example, Defendant contacted Plaintiff on: June 30, 2014, at 10:14 a.m. and 10:23 a.m.; July 2, 2014, at 9:43 a.m.; July 7, 2014, at 10:17 a.m.; July 9, 2014, at 9:37 a.m.; and July 11, 2014, at 12:59 p.m.

17.     Further, when calling Plaintiff, Defendant would call Plaintiff at times that it was inconvenient for her to receive collection calls.

18.     Specifically, Defendant called Plaintiff before 8:00 a.m. and after 9:00 p.m. in its attempts to collect a debt, which are per se inconvenient times for a person to receive collection calls.

19.     Annoyed by the repeated and inconvenient collection calls, on at least one occasion, Plaintiff instructed Defendant to stop calling her on her cellular telephone.

20.     Defendant did not update its records to stop the calls to Plaintiff and/or restrict calls from being made to Plaintiff's cellular telephone, as Plaintiff continued to receive collection calls.

21.     Defendant's intent in continuing to call Plaintiff, after being told to stop calling her, was to annoy, abuse and harass her.

22.     Further, in its attempts to collect the debt, after being informed that Plaintiff disputed the debt, Defendant threatened Plaintiff that failure to pay the debt would result in legal action being commenced against her as well as garnishment of her wages.

23.     Upon information and belief, at the time Defendant threatened to pursue legal action and garnish Plaintiff's wages, it did not intend to take the action threatened and did not have the authority to take the threatened action.

24.     Lastly, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notice of her rights to dispute the debt and/or to request verification of the debt, as well as providing her with the name of the original creditor and amount of the debt.

25.     To date, Plaintiff has not received anything in writing from Defendant.

26.     Defendant took the actions described above with the intent to harass, deceive, intimidate, and coerce payment from Plaintiff.

## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

27.     Section 1692c(a)(1) of the FDCPA prohibits debt collectors from calling consumers at any unusual time, and in the absence of evidence to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 am and before 9:00 pm, local time at the consumer's location.

28.     Here, Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff before 8:00 a.m. and after 9:00 p.m., as well as continuing to call her on

her cellular telephone after being informed it was inconvenient for her to receive collection calls on her cellular telephone.

## COUNT II

29.    Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

30.    A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

31.    Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff repeatedly and continuously with the intent to annoy, abuse and harass her, when it continued to call Plaintiff even after Plaintiff expressly told Defendant to no longer contact her, and when it engaged in other harassing, oppressive, or abusive conduct.

## COUNT III

32.    Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or mean in connection with the collection of any debt.

33.     A debt collector violates § 1692e(4) of the FDCPA by representing or implicating that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

34.     A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

35.     Section 1692e(10) prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt.

36.     Defendant violated §§ 1692e, 1692e(4), 1692e(5) and 1692e(10) of the FDCPA when threatened to take legal action against her and garnish her wages for nonpayment of the debt when it did not intend to take the threatened action and did not have the authority to take the threatened action, and when it engaged in other deceptive or misleading conduct in its attempt to collect the alleged debt.

**COUNT VI**

37.     Section 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

38.     Defendant violated § 1692f when it when it failed to update its records to stop the calls to Plaintiff's cellular telephone as well as investigate

Plaintiff's dispute of the debt, and when it engaged in other deceptive or misleading conduct in its attempt to collect the alleged debt.

## COUNT V

39.   A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

40.   Here, Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification

of the debt or providing her with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, COREY SQUIRES, respectfully prays for a judgment as follows:

      a.     All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

      b.     Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

      d.     Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, COREY SQUIRES, demands a jury trial in this case.


                                        RESPECTFULLY SUBMITTED,

Date: August 4, 2014            By: _/s/ Craig Thor Kimmel_ _____
                                    CRAIG THOR KIMMEL
                                    PA ATTY. ID NO. 57100
                                    Kimmel & Silverman, P.C.
                                    30 E. Butler Pike
                                    Ambler, PA 19002
                                    Phone: (215) 540-8888
                                    Fax: 877-788-2864
                                    Email: kimmel@creditlaw.com